United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50482
Conference Calendar
_____

PRINCE S. J. WEBBER,

                                        Plaintiff-Appellant,

versus

U.S. PAROLE COMMISSION,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:02-CV-428
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Prince S. J. Webber, federal prisoner # 04349-000, seeks leave to appeal in forma pauperis (IFP) the district court's denial of his FED. R. CIV. P. 60(b) motion, filed after the denial of his 28 U.S.C. § 2241 petition.  The district court denied Webber's request for leave to proceed IFP, certifying that the appeal was not taken in good faith.

     Although, as Webber contends, the Prison Litigation Reform Act does not apply to habeas actions, see Davis v. Fechtel,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

150 F.3d 486, 490 (5th Cir. 1998), Webber still is required to establish that he is economically eligible and will raise a nonfrivolous issue to proceed IFP on appeal. See FED. R. APP. P. 24(a)(5); Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Webber argues that the district court erred in denying the FED. R. CIV. P. 60(b) motion in which he argued that the district court had failed to consider four issues regarding his December 2002 administrative appeal. Webber raised these issues in his response to the Parole Commission's motion for summary judgment, as well as in a motion for judicial notice. He asserts that his petition should have been dismissed without prejudice for failure to exhaust these issues because the district court determined that it was premature for Webber to raise them. However, Webber also contends that he was denied due process because the district court did not address the merits of these claims.

The district court incorrectly held that Webber had not objected to the magistrate judge's failure to address the issues relating to his December 2002 administrative appeal. However, Webber still has not raised a nonfrivolous issue for appeal. The district court's determination regarding the December 2002 administrative appeal was not made on the basis that Webber's claims were unexhausted, but rather on the basis that he was raising claims outside the scope of the petition he had filed. Webber has not shown how this deprived him of due process. Because Webber's claims were not dismissed for failure to

exhaust, his argument that the district court erred by not dismissing his petition without prejudice is without merit. Webber's contention that the district court should not have denied his Rule 60(b) motion because it was unopposed is meritless.

Webber has not shown that he will raise a nonfrivolous issue for appeal. Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard, 707 F.2d at 219-20.